# Jacob Dice, plaintiff in error, *vs.* Job Yarnel, defendant in error.

### *Error to Van Buren.*

In an action of assumpsit upon promises made subsequent to, and in conformity to an award, parol testimony to prove that other matters than those contained in the written submission were submitted to the arbitrators is admissible.

This was an action of assumpsit brought by Yarnel vs. Dice, in the District Court of Van Buren county.

The declaration states that Yarnel and Dice had jointly purchased of one Weston a certain claim in said county; that difficulties had arisen between them, in relation to the occupancy of the land, and that the matters were submitted to arbitration. That the arbitrators awarded that the said Yarnel should have the north half, and that Dice should have the south half of the quarter section. That Dice should make his equal share of improvements on the north half, in breaking and

31

fencing, so as to make the improvements equal to those in the south half, at the time the parties purchased the claim, (building excepted.)

That Yarnel delivered up to Dice the occupancy of the south half on his promise to make the stipulated improvement upon the north half of the claim. That he had failed to perform, &c.

Plea, *non assumpsit.*

The case was submitted to a jury at the April term 1842, and a verdict and judgment given for the plaintiff, for the sum of $70 and costs.

The bill of exceptions taken in this cause specifies that on the trial the plaintiff introduced the submission in writing between the parties (as set forth in the record) and offered parol evidence to prove that other matters than those contained in the written submission were submitted to the arbitrators; to which parol testimony the defendant objected, but the objection was overruled by the court, and parole testimony admitted, to prove that other matters than those contained in the written submission were acted upon by the arbitrators.

The defendant below sued out his writ of error from this court on the fiat of the Chief Justice for probable cause of error.

J. C. HALL, for plaintiff in error:

The only question presented in this case is, can testimony be given in evidence to sustain an award, showing that other matters than those set out in the written submission were acted upon by the arbitrators on a written submission take up other differences and award upon them?

It is decided parol testimony was inadmissable to show a palpable mistake or miscalculation of arbitrators, 2 John. 63.

Parol testimony not admissible to extend or limit the submission; 9 John R. 42.

An award not within the submission is void.    Cited 2 Petersdorff 157.

These cases establish the principle that an award that does not follow the submission is void, and cannot be corrected by parol testimony; on the principle that their jurisdiction arises from the submission. Then if the submission is in writing, can the award be sustained by parol testimony changing the submission and enlarging the jurisdiction of the arbitrators?

There is no principle better established than that an agreement cannot rest partly in writing and part in parol.    Even in chancery that principle is fully repudiated.

LEWIS & STARR, for defendant in error:

A difference of opinion existed as to whether the *submission* did or did not embrace the whole of the difficulties existing between the parties; but the declaration, particularly the third and last count, sets forth that the arbitrators having brought in an award, the parties mutually agree d to submit to it, and that in accordance with it Job Yarnel delivered up the part of the land required, and performed all things called for on his part by the award, and that Dice in consideration thereof promised to perform what was called for in the award.

The first two counts in the declaration set forth a submission, but do not say that it was in writing, and the fact was that all their difficulties which were proven to their neighbors, were submitted, but the person who drew up the writing intended to cover the whole case, did not embrace in the article specifically, any thing more than the division of the land, whereas they did actually agree that they should award as they did upon the whole case. We therefore brought assumpsit and shew a parol submission, and not only so, allege at least in the third count, that they acquiesced in it, and agreed to abide by it, and that Yarnel's having given up a part of his land, &c., afforded a consideration for Dice's promise. Now how could we sue Dice on that promise, without shewing that he promised (as we allege) to do all things which the arbitrators decided he should do, and without showing what they did decide upon?

We did not bring debt on the bond of submission, but we brought assumpsit on the promise, and if there was any thing wrong it was our introducing the written submission. They should have objected to the introduction of that as being under seal, but they could not throw us out of court on the ground of our having offered in evidence an instrument not properly admissible. We claim on the ground of a parol submission strengthened by the parties, acquiescence therein, and the plaintiff having given up his property under the expectation of receiving the work which Dice promised to do.

That a parol submission is good is not controverted. See 15 Wendel, 99—12 Wend. 578. Even if it were not, the subsequent affirmation of it by the parties would make it good, and therefore it would be necessary to render to all the matters that were submitted.

BY THE COURT, MASON, CHEIF JUSTICE, AND JUSTICE WILLIAMS. —The only error assigned in this case is that the court admitted parol evidence to prove that other matters were submitted to the arbitrators

than those contained in the written submission. Had the action been brought for a breach of the agreement contained in the written submission, parol testimony to vary the terms of that submission would have been clearly inadmissable. Or had the suit been brought to recover money due and ascertained through the award of arbitrators for which an *indebitatus assumpsit* would have lain, the written submission must alone have been the basis of that award. But the declaration in the present case after citing the submission and award (without stating whether the former was parol or written) alleges that the plaintiff performed what the said award had rendered it incumbent on him to perform, and that in consideration thereof the defendant undertook and promised to do certain things which the arbitrators had decided that he ought to do and perform. A breach of the agreement is then sufficiently set forth.

The gist of the action then seems to be neither the submission nor the award, but the subsequent promise, for which there was an adequate consideration. If this be the case, the only object in setting forth and proving the submission and award was to show the exact nature of the promise and in some degree to strengthen the consideration therefor. The submisson does not seem to be strictly material, but a part having been proved it was proper that the whole should appear before the jury. All that was necessary to enable the plaintiff to recover was proof of the final promise, the consideration and the breach, but the previous submission (as well parol as written) might tend to reflect light upon the subsequent promise sufficient to justifiy its introduction, on the ground of relavancy. At all events from the facts appearing before us we are not prepared to decide that the court erred in admitting the parol testimony referred to on that score; which is the only available objection, if any, that could have been raised to it.

Judgment affirmed.

WILSON, JUSTICE.—I think that the error of the arbitrators, in going beyond the written submission of the parties, was waived by the plaintiff in error, when he agreed with the defendant in error to abide by and perform the award, and reaped the benefit arising from the latter's performance of those things to be done on his part, and that he cannot now set it up as a defence. It appears to me however, that it was unnecessary, on the part of Yarnel, on the trial in the court below, to adduce testimony shewing that these matters, not mentioned in the parol submission were submitted to the arbitrators. It was sufficient for him to

show that an award was made, that both parties agreed to abide by and perform it, and that he performed his part which was accepted by Dice. When parol testimony was introduced on the part of Yarnell shewing that the parties went beyond the written submission there was a violation of the well settled principle of law, that parol testimony cannot be received to extend the terms of a written agreement, and as it may have had some influence upon the jury in estimating the damages, the judgment in my opinion ought to be reversed.